UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM DECORY,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA; COUNTY OF PENNINGTON; THE ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 5:22-CV-05093-RAL<br><br>OPINION AND ORDER DISMISSING CASE |

Petitioner William DeCory filed a Petition for Writ of Habeas Corpus, although he does not indicate whether his petition is pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. See Doc. 1. DeCory claims that he is unlawfully in custody on pending state charges because the State of South Dakota is "knowingly and willfully aiding and abetting a [f]raudulent and [f]ictitious federal criminal indictment[.]" Id. at 2. DeCory moves for leave to proceed in forma pauperis and filed a prisoner trust account report. Docs. 2, 6. He has also filed a motion for a preliminary injunction. Doc. 8.

I.   **Motion for Leave to Proceed in Forma Pauperis**

DeCory's prisoner trust account report shows average monthly deposits for the past six months of $0.00 and an average monthly balance for the past six months of $0.00. Doc. 3 at 1. Accordingly, the Court finds that DeCory is indigent, grants his motion for leave to proceed in forma pauperis, and waives his $5 filing fee.

II.   **Petition for Writ of Habeas Corpus**

This Court is to screen § 2254 petitions and dismiss them when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] In a supplement to his petition, DeCory argues that he was indicted on federal charges in order to obstruct and prolong his state criminal trial. Doc. 5 at 4. He claims that he is currently in state custody awaiting trial and asks this Court to dismiss his state criminal charges. See Doc. 1 at 5. He makes no claims regarding those charges other than to state that they are "moot" and were put on hold while he was in federal custody. See id. The majority of Decory's petition and supplemental filings focus on issues that arose during his federal prosecution and detainment. See id.; Doc. 2 at 2-8; Doc. 5 at 3-5.

DeCory does not claim that he has raised his objections to his state criminal charges in state court. See id. at 2-14. He presents no discernable argument as to why these objections should be raised in federal court instead of at his state criminal proceedings. See id.; see also Younger v. Harris, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). Also, his petition does not "substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule" as required by Rule 2(d). Thus, this Court can determine with confidence that it "plainly appears" that DeCory is not entitled to relief under § 2254 or § 2241.

ORDERED that DeCory's motion to proceed in forma pauperis, Doc. 6, is granted, and his $5 filing fee is waived. It is further

---

[1] Although DeCory does not specify whether his petition is pursuant to § 2254 or § 2241, the Rules Governing Section 2254 Cases may also be applied to habeas petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases.

ORDERED that DeCory's petition for Writ of Habeas Corpus, Doc. 1, is denied and dismissed. It is further

ORDERED that judgment is entered in favor of respondents and against DeCory. It is finally

ORDERED that DeCory's motion for a preliminary injunction, Doc. 8, is denied as moot.

DATED May 8th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE